UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD, <br> Plaintiff, <br> v. <br> UNITED STATES OF AMERICA, et al., <br> Defendants. | No. 2:18-cv-0136 CKD P <br><br> ORDER |

Plaintiff, currently detained in Florida, brings suit against United States Postal Inspector Michael Chavez and the United States. He alleges illegal seizure by Chavez of $51,000 occurring on March 9, 2013. He seeks return of the money, interest, and damages. The United States has filed a motion to dismiss, plaintiff has filed a motion for summary judgment. Defendant Chavez has not yet been served with process or appeared in this action.

First, the United States asserts it cannot be sued for constitutional torts committed by its officers because the United States has not waived its right to sovereign immunity for constitutional torts. A review of Clemente v. United States., 766 F.2d 1358, 1363-64 (9th Cir. 1985) reveals that the United States is correct.

As suggested by the United States, the United States has waived sovereign immunity with respect to certain claims identified in the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b),
/////

2671-2680. Such claims include a claim alleging a "negligent or wrongful act or omission of any employee" which resulted in the loss of property. 28 U.S.C. §1346(b)(1).

Under the FTCA, a claim must be filed with the appropriate federal agency, in this case the United States Postal Service, within two years and suit must be commenced within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b). This administrative exhaustion requirement is mandatory and jurisdictional. McNeil v. United States, 508 U.S. 106, 113 (1993). Further, exhaustion must be affirmatively alleged in the complaint. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). The United States is correct that plaintiff has not pled compliance with the exhaustion requirement of the FTCA.[1]

Finally, the United States asserts "even in the absence of the sovereign immunity bar and his failure to submit an administrative tort claim, Mehmood's claims still fail because he has not alleged facts stating a plausible cause of action against any defendant, including the United States." The court reviews this aspect of defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) which authorizes dismissal if a complaint fails to state a claim upon which relief can be granted. In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94

---

[1] A document filed by plaintiff on September 20, 2018, with attached exhibits, suggest plaintiff may have complied with the FTCA with respect to some claims. However, as indicated above, if plaintiff has complied with the terms of the FTCA with respect to any claim presented in a federal district court action, he must also plead compliance in order to state a claim upon which relief can be granted.

2

(2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

The court generally considers only the complaint and attached documents when determining whether the complaint states a claim upon which relief can be granted. <u>Van Buskirk v. CNN, Inc.</u>, 284 F.3d 977, 980 (9th Cir. 2002). However, as here, the court may also consider facts it judicially notices under Federal Rule of Evidence 201 such as "matters of public record." <u>Lee v. City of L.A.</u>, 250 F.3d 668, 688-89 (9th Cir. 2001). The United States points to documents filed in a criminal action in this court, No. 2:12-cr-154 JAM, in support of its argument that plaintiff's complaint fails to state a claim upon which relief can be granted. After reviewing documents filed in that case, the court takes judicial notice, pursuant to Federal Rule of Evidence 201, of the following facts:

1. On February 7, 2013, a superseding indictment was filed charging plaintiff with 54 separate offenses including 51 counts of bank fraud and 3 counts of aggravated identity theft.

2. A warrant was issued for plaintiff's arrest on March 1, 2013 based upon the allegation that plaintiff had violated the terms of pretrial release.

3. Plaintiff was arrested on March 9, 2013.

4. Plaintiff was ordered detained on March 11, 2013.

5. On May 17, 2016, plaintiff agreed to plead guilty to one count each of bank fraud and identity theft. As part of his plea deal, plaintiff agreed that the $51,000 seized by law enforcement on March 9, 2013 would be used first to pay any restitution ordered.

6. Plaintiff was sentenced on February 14, 2017.

7. A restitution hearing in 2:12-cr-154 JAM is scheduled for June 4, 2019. ECF No. 503 & 520.

At the time the $51,000 at issue was seized, plaintiff was subjected to arrest pursuant to a warrant, and was under indictment for bank fraud and identify theft. The only facts plaintiff provides in his complaint concerning the seizure of the $51,000 is that the seizing officers did not have a warrant to take the money. Considering there are several factual scenarios in which the

////

3

seizure of the $51,000 would have been entirely lawful,[2] plaintiff has not pled factual content that allows the court to draw the reasonable inference that any defendant did anything unlawful when the money was seized.

Also, as noted above, a term of plaintiff's plea agreement is that the $51,000 first be used to satisfy an order of restitution. Plaintiff fails to argue that this term of his plea agreement is invalid in any respect nor could he in this action: any challenge to his plea agreement must be filed in the case in which he entered his guilty plea, 2:12-cr-154 JAM.

For all of these reasons, the motion to dismiss filed by the United States will be granted. And while, considering the above, the court doubts plaintiff will be able to state a claim upon which relief can be granted with respect to the seizure of $51,000 on March 9, 2013, the court will give plaintiff one opportunity to amend his pleadings. If plaintiff does elect to file an amended complaint, he is informed that the cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, in his opposition to the motion to dismiss, plaintiff also seeks summary judgment. Because the plaintiff's pleadings are defective, he is not entitled to judgement thereon.

/////
/////
/////
/////
/////
/////

---

[2] For example, evidence of a crime in "plain view" during a lawful arrest may be seized. See Horton v. California, 496 U.S. 128, 133-36 (1990).

Good cause appearing, IT IS HEREBY ORDERED that:

1. The motion to dismiss filed by the United States (ECF No. 13) is granted.

2. Plaintiff's motion for summary judgment (ECF No. 27) is denied.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with this the terms of this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Defendant United States need take no further action until further notice from the court.

Dated: November 30, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mehm0136.dis